# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PPD ENTERPRISES, LLC, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-0507 |
| § | |
| STRYKER CORPORATION, ET AL., § | |
| *Defendants*. § | |

## OPINION DENYING RECONSIDERATION OF SUMMARY JUDGMENT

In a brief order on November 28, 2017, this court denied plaintiff PPD's motion for reconsideration of the court's summary judgment decision denying PPD's claim for tortious interference with prospective business relations (Dkt. 206). The order stated that an opinion explaining its rationale would be forthcoming. This is that opinion.

In its original summary judgment opinion (Dkt. 191), the court agreed with the defendants that PPD had failed to create a jury issue regarding the third element of its tortious interference claim, i.e. that defendants' conduct was "independently tortious or unlawful." *Coinmach Corp. v. Aspenwood Apart. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). PPD's primary argument was that defendants' conduct had violated the federal Anti-Kickback Statute and, by extension, the federal False Claims Act, which allows for a *qui tam* action to redress Anti-Kickback Statute violations. The Anti-Kickback Statute prohibits the knowing and willful solicitation, receipt, offer, or payment of any type of benefit to induce referrals or business covered by a federal health care program. 42 U.S.C. § 1320a-7b(b)). Defendants argued that there is no precedent for incorporating the federal Anti-Kickback Statute into a state law tortious interference claim. This court agreed, noting that success on such a claim "requires proof of a violation of state law, rather than

federal law." Dkt. 191 at 7, citing *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001).

PPD had argued alternatively that defendants' conduct also violated various Texas criminal statutes. Specifically, PPD claims that defendants' payments to Dr. Freedhand violate Section 102.001 of the Texas Occupation Code (regarding solicitation of patients or patronage), Sections 32.3, 36.02, 36.07, 36.08, and 36.09 of the Texas Penal Code (regarding bribery), and Section 572.051 of the Texas Government Code (regarding conduct by state officers or employees).[1] In its initial opinion the court dismissed this argument on the grounds that "all these statutory violations are based on [alleged] wrongdoing by Dr. Freedhand [who] is not a defendant in this case." Dkt. 191 at 8.

PPD asks the court to reconsider this conclusion, pointing out (correctly) that the cited provisions of the Texas Occupation Code and the Texas Penal Code are broad enough to encompass conduct by parties who have dealings with Texas-licensed health practitioners. The court acknowledges the point, but remains convinced that these state law criminal statutes are not proper predicates for this type of tort claim under Texas law.

In *Wal-Mart Stores, Inc. v. Sturges* the Texas Supreme Court surveyed the history of the common law tort of interference with prospective business relations, and concluded that the scope of culpable conduct was fairly narrow. 52 S.W.3d 711, 726 (Tex. 2001). The Court expressly approved the Restatement definition "unlawful conduct:"

> The historical limitation of the tort to unlawful conduct — 'the actor's conduct was characterized by violence, fraud or defamation and was tortious in character'[2] — provides a viable definition and preserves

---
[1] These claims were first alleged in an unopposed fifth amended complaint filed last spring. *See* Dkt. 124.
[2] Restatement (Second) of Torts § 766B, cmt. B (1979).

the tort's utility of filling a gap in affording compensation in situations where a wrong has been done.

*Id.* Incorporating the entire Texas Penal Code into the tort of interference with prospective business relations would seem to overfill the gap.

Taking the quoted passage from *Sturges* at face value, the scope of unlawful conduct underlying this tort must be "characterized by violence, fraud, or defamation." None of the criminal laws cited by the plaintiff fit within this rubric. Nor has the court found or been cited to any Texas case holding that these Texas statutes may serve as predicate acts for the tort of interference with prospective relations. As a federal court sitting in diversity, this court is not inclined to extend the bounds of this tort beyond those already recognized by Texas appellate courts.

Finally, even if this court were so inclined, the summary judgment record is too thin to support a finding that defendants' conduct violated any of the cited provisions of the Texas Occupation Code or the Texas Penal Code.

PPD's primary assertion is that defendants' conduct interfered with their prospective relations with Dr. Freedhand, as evidenced by (1) the fact that, beginning in mid-2013, Stryker's payments to Freedhand increased, and Freedhand's use of Corin products sold by PPD declined (Dkt. 170-12;170-6 at 8);[3] (2) in May 2013, Stryker representatives discussed giving Freedhand "a corporate bear hug" to keep his business (Dkt. 170-7 at 1); and (3) in March 2014, approximately six months before the Sales Agreement was terminated, Freedhand declared that he wanted to be Stryker's "top dog"

---

[3] Interestingly, during at least part of the time that Stryker made these increased payments to Freedhand, *i.e.* in late summer 2013 through early fall 2014, PPD was the distributor for MAKO products and thus also benefiting from these same payments.

(Dkt. 170-2 at 8-9). But this evidence hardly reflects criminal intent on the part of the defendants; at most it suggests the sort of "merely sharp or unfair" competitive conduct that the Texas Supreme Court held "cannot be the basis for an action for tortious interference with prospective relations." *Sturges,* 52 S.W.3d at 726.

PPD also claims that defendants interfered with their relationship with Woodlands Memorial Hospital by directing that Corin products not be used in surgeries performed there. The only evidence supporting this claim is an inadmissible hearsay statement in a February 2015 email from a hospital employee (Dkt. 147-7 at 2) ("I was told Corin cannot do cases at The Woodlands."). Even if it were admissible, this slight evidence would be insufficient to support a jury verdict that defendants violated the cited statutes.

## Conclusion

For these reasons, the court declines to reconsider its previous ruling that defendants are entitled to summary judgment on PPD's tortious interference with prospective relations claim.

Signed at Houston, Texas, on March 2, 2018.

_Stephen Wm Smith_
Stephen Wm Smith
United States Magistrate Judge